IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAMON TODD CAREY, :
:
      Petitioner : CIVIL NO. 3:CV-12-1443
:
  v. : (Judge Conaboy)
:
UNITED STATES OF AMERICA, :
:
      Respondent :

## **MEMORANDUM**
### **Background**

    Damon Todd Carey, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania (FCI-Allenwood), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Petition is accompanied by an in forma pauperis application (Doc. 2).  Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this action with this Court.

    Named as Respondent is the United States of America.[1] Petitioner states that he entered a plea of guilty to a charge of possession with intent to distribute a controlled substance

---

    [1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official.  See 28 U.S.C. § 2242.

1

before Judge Sylvia H. Rambo of this Court.  <u>See</u> <u>United States v. Carey</u>, 1:08-cr-435 (M.D. Pa.)(Rambo, J.).  He was sentenced by Judge Rambo on September 2, 2009 to a ten (10) year term of incarceration.  <u>See</u> Doc. 1, p. 3.  Petitioner adds that he "never appealed the sentence or the judgement of conviction." <u>Id</u>. at p. 2.

A review of the docket from Petitioner's criminal case shows that Carey sought relief via a petition pursuant to 28 U.S.C. § 2255 which was deemed withdrawn by the district court on September 13, 2010.

Carey's pending action claims entitlement to federal habeas corpus relief on the grounds that evidence used against him was obtained via an unconstitutional search and seizure. Petitioner does not specify what relief he is requesting.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  <u>See</u>, <u>e.g.</u>, <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable

to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Petitioner generally argues that he is entitled to bring his present claim of an illegal search and seizure in a § 2241 petition because he never filed a direct appeal, did not previously seek habeas corpus relief, and "§ 2241 is the only remedy available to the Petitioner." Doc. 1, p. 2.  When challenging the validity of a federal sentence and not its execution,[2] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed.

---

[2] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

3

Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539.  See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

4

Petitioner is clearly challenging the validity of his guilty plea which was entered before Judge Rambo of this Court. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner has already sought relief via a § 2255 action which was subsequently deemed withdrawn by Judge Rambo.

The fact that his prior § 2255 petition was deemed withdrawn does not render the § 2255 process "inadequate or ineffective." Nor does it make Petitioner's pending claim cognizable in a § 2241 action.

Furthermore, Henry's assertion that his prior claims were not fairly considered does not authorize this Court to consider his habeas corpus petition. His instant illegal search and seizure claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims in a § 2255 proceeding. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the

5

criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Carey's claim does not fall within this narrow exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's guilty plea, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to file a section 2255 motion with Judge Rambo, or if necessary to obtain authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 petition. An appropriate Order will enter.

  S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JULY 31, 2012

6